UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE UNION SECURITY TRUST
FUND UNION SECURITY PENSION FUND,

              Plaintiffs,

   -against-

P.O.P. DISPLAYS, INC.; P.O.P. DISPLAYS,
INC. d/b/a DIAM USA a/k/a DIAM
INTERNATIONAL d/b/a HERITAGE
PARTNERS, LLC; HERITAGE PARTNERS,
LLC d/b/a DIAM INTERNATIONAL a/k/a
DIAM USA d/b/a P.O.P. DISPLAYS, INC.;
DIAM INTERNATIONAL a/k/a DIAM USA
d/b/a P.O.P. DISPLAYS, INC. d/b/a HERITAGE
PARTNERS, LLC; DIAM USA a/k/a DIAM
INTERNATIONAL d/b/a P.O.P. DISPLAYS,
INC. d/b/a HERITAGE PARTNERS, LLC,

              Defendants.
------------------------------------------------------------x

07 CV 5784

COMPLAINT WP4

     Plaintiffs, Trustees of the Union Security Trust Fund, Union Security Pension Fund by their attorney, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, allege as follows:

### JURISDICTON AND VENUE

    1. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions to the Plaintiffs.

### PARTIES

    2. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds a defined by Section

3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U. S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii).

3. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which include, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Union dues check-off on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

4. The Funds' principal office is located and administered at 395 Hudson Street, 8th Floor, New York, NY 10014.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)) and as further defined in Section 12 of the General Associations Law of the State of New York.

6. Upon information and belief, the defendant P.O.P. Displays, Inc. (hereinafter referred to as the "Employer") at all relevant times, was and is an "Employer" within the meaning of Sections 3(5) and 515of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

7. Upon information and belief, the "Employer" is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its place of business at 555 Tuckahoe Road, Yonkers, New York, County of Westchester.

8. Upon information and belief, the Defendant, P.O.P. Displays, Inc. d/b/a Diam USA a/k/a Diam International d/b/a Heritage Partners, LLC is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its place of business at 555 Tuckahoe Road, Yonkers, New York, County of Westchester.

9. Upon information and belief, the Defendant, Heritage Partners, LLC d/b/a Diam International a/k/a Diam USA d/b/a P.O.P. Displays, Inc. is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its place of business at 555 Tuckahoe Road, Yonkers, New York, County of Westchester.

10. Upon information and belief, the Defendant, Diam International a/k/a Diam USA d/b/a P.O.P. Displays, Inc. d/b/a Heritage Partners, LLC is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its place of business at 555 Tuckahoe Road, Yonkers, New York, County of Westchester.

11. Upon information and belief, the Defendant, Diam USA a/k/a Diam International d/b/a P.O.P. Displays, Inc. d/b/a Heritage Partners, LLC is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its place of business at. 555 Tuckahoe Road, Yonkers, New York, County of Westchester.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. P.O.P. Displays, Inc. (hereinafter referred to as "P.O.P.") executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

13. The C.B.A. and/or Trust Indenture requires "P.O.P". to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth n the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of "P.O.P". pursuant to the C.B.A., there became due and owing to the Funds from the "Employer" for fringe benefit contributions.

15. "P.O.P." has failed and refused to remit to the Funds those fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $62,272.77 for the period of November 2006 for welfare and pension contributions and for pension arrears for the period of 2005.

16. These amounts described in paragraph 15 above are due and owing to the Funds and have been self reported by the "Employer" and are subject to audit by the Funds and/or the Union.

17. "P.O.P.'s" failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the "Employer" and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the C.B.A. and the Policy for Collection of Delinquent contributions upon "P.O.P.'s" failure to pay contributions and they become due, the "Employer" is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

19. Accordingly, "P.O.P." is liable to Plaintiffs for contributions in the minimum amount of $62,272.77 in unpaid fringe benefit contributions plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. P.O.P. Displays, Inc. d/b/a Diam USA a/k/a Diam International d/b/a Heritage Partners, LLC (hereinafter referred to as "P.O.P./Diam USA") executed an C.B.A. through P.O.P. with the Union and/or was and still is a party to a C.B.A. with the Union.

22. The C.B.A. and/or Trust Indenture requires "P.O.P./Diam USA" to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth n the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

23. Upon information and belief, as a result of work performed by the individual employees of "P.O.P./Diam USA" pursuant to the C.B.A., there became due and owing to the Funds from the "Employer" for fringe benefit contributions.

24. "P.O.P./Diam USA" has failed and refused to remit to the Funds fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $62,272.77 for the period of November 2006 for welfare and pension contributions and for pension arrears for the period of 2005.

25. These amounts described in paragraph 24 above are due and owing to the Funds and have been self reported by "P.O.P./Diam USA" and are subject to audit by the Funds and/or the Union.

26. "P.O.P./Diam USA" failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the "Employer" and the Union wherein the Funds are third party beneficiaries.

27. Pursuant to the C.B.A. and the Policy for Collection of Delinquent contributions upon the "Employer's" failure to pay contributions and they become due, the employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

28. Accordingly, "P.O.P./Diam USA" is liable to Plaintiffs for contributions in the minimum amount of $62,272.77 in unpaid fringe benefit contributions plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF

29. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if fully set forth at length herein.

30. Heritage Partners, LLC d/b/a Diam International a/k/a Diam USA d/b/a P.O.P. Displays, Inc. (hereinafter referred to as "Heritage") executed an C.B.A. through P.O.P. with the Union and/or was and still is a party to a C.B.A. with the Union.

31. The C.B.A. and/or Trust Indenture requires "Heritage" to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth n the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

32. Upon information and belief, as a result of work performed by the individual employees of "Heritage" pursuant to the C.B.A., there became due and owing to the Funds from the "Employer" for fringe benefit contributions.

33. "Heritage" has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $62,272.77 for the period of November 2006 for welfare and pension contributions and for pension arrears the period of 2005.

34. These amounts described in paragraph 33 above are due and owing to the Funds and have been self reported by the "Employer" and are subject to audit by the Funds and/or the Union.

35. Heritage's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the "Employer" and the Union wherein the Funds are third party beneficiaries.

36.  Pursuant to the C.B.A. and the Policy for Collection of Delinquent contributions upon the "Heritage's" failure to pay contributions and they become due, the "Employer" is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

37. Accordingly, the employer is liable to Plaintiffs for contributions in the minimum amount of $62,272.77 in unpaid fringe benefit contributions plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

38.  Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "37" of this Complaint as if fully set forth at length herein.

39.  Diam International a/k/a Diam USA d/b/a P.O.P. Displays, Inc. d/b/a Heritage Partners, LLC (hereinafter referred to as "Diam International") executed an C.B.A. through P.O.P. with the Union and/or was and still is a party to a C.B.A. with the Union.

40. The C.B.A. and/or Trust Indenture requires "Diam International" to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth n the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

41. Upon information and belief, as a result of work performed by the individual employees of "Diam International" pursuant to the C.B.A., there became due and owing to the Funds from the "Employer" for fringe benefit contributions.

42. "Diam International" has failed and refused to remit to the Funds fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $62,272.77 for the period of November 2006 for welfare and pension contributions and for pension arrears the period of 2005.

43. These amounts described in paragraph 42 above are due and owing to the Funds and have been self reported by the "Employer" and are subject to audit by the Funds and/or the Union.

44. "Diam International's" failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the "Employer" and the Union wherein the Funds are third party beneficiaries.

45. Pursuant to the C.B.A. and the Policy for Collection of Delinquent contributions upon "Diam International's" failure to pay contributions and they become due, the "Employer" is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

46. Accordingly, "Diam International" is liable to Plaintiffs for contributions in the minimum amount of $62,272.77 in unpaid fringe benefit contributions plus liquidated damages, interest, court costs, and attorneys' fees.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**

47. Plaintiffs repeat, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "46" of this Complaint as if fully set forth at length herein.

48. Diam USA a/k/a Diam International d/b/a P.O.P. Displays, Inc. d/b/a Heritage Partners, LLC (hereinafter referred to as "Diam USA") executed an C.B.A. through P.O.P. with the Union and/or was and still is a party to a C.B.A. with the Union.

49. The C.B.A. and/or Trust Indenture requires "Diam USA" to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth n the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

50. Upon information and belief, as a result of work performed by the individual employees of "Diam USA" pursuant to the C.B.A., there became due and owing to the Funds from the "Employer" for fringe benefit contributions.

51. "Diam USA" has failed and refused to remit to the Funds fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $62,272.77 for the period of November 2006 for welfare and pension contributions and for pension arrears the period of 2005.

52. These amounts described in paragraph 51 above are due and owing to the Funds and have been self reported by the "Employer" and are subject to audit by the Funds and/or the Union.

53. "Diam USA's" failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the "Employer" and the Union wherein the Funds are third party beneficiaries.

54. Pursuant to the C.B.A. and the Policy for Collection of Delinquent contributions upon the "Employer's" failure to pay contributions and they become due,

the employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

55.  Accordingly, "Diam USA" is liable to Plaintiffs for contributions in the minimum amount of $62,272.77 in unpaid fringe benefit contributions plus liquidated damages, interest, court costs, and attorneys' fees.

### AS AND FOR A SIXTH CLAIM FOR RELIEF

56.  Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "55" of this Complaint as if fully set forth at length herein.

57.  Section 515 of ERISA (29 U.S.C. Section 1145) requires Employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A. and Trust Indentures.

58.  The Defendant, P.O.P. has failed to pay or timely pay the fringe benefit contributions to plaintiffs owed as a result of work performed by individual employees of the "Employer". Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

59.  The Defendant, P.O.P./Diam USA has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the "Employer". Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

60.  The Defendant, "Heritage" has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual

employees of the "Employer". Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

61. The Defendant, "Diam International" has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the "Employer". Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

62. The Defendant, "Diam USA" has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the "Employer". Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

63. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon finding of an employer violation of Section 515 of ERISA (29 U.S.C. 1145) which requires Employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

64. The failure to pay has injured the Funds by delaying investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

65. Accordingly, the Defendants are liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to

pay contributions when they are due.

66. Accordingly, the Defendants are liable to the Funds in the minimum amount of $62,272.77 in unpaid contributions plus liquidated damages, interest, reasonable attorney's fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

67. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "66" of this Complaint as if set forth at length herein.

68. The financial integrity of the Plaintiff Funds and the allocation of proper eligibility and credit to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Defendants.

69. Plaintiff Funds have no adequate remedy at law to ensure that the Defendants will adhere to their continuing statutory and contractual obligations.

70. The failure of the Defendants to promptly remit reports and payment will cause Plaintiffs immediate and irreparable injury unless the "Employer" and it's officers, agents and servants are enjoined from failing, refusing or neglecting to submit the monetary contributions to Plaintiffs.

71. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Defendants from any further or future violations of this or subsequent collective bargaining agreements with Plaintiff Funds as such agreements apply to the obligations of Defendants to Plaintiffs herein.

WHEREFORE, Plaintiffs respectfully pray for Judgment against the Defendants as follows:

On the First, Second, Third, Fourth, Fifth and Sixth Claims for Relief:

(f) In the minimum sum of $62,272.77 for unpaid contributions to the Funds for work performed plus interest from the date of the delinquency and liquidated damages calculated at 20% of the principal amount due.

(g) Attorneys' fees and court costs and disbursements as set forth in the policy for Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Seventh Claim for Relief:

(h) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all claims for relief:

(i) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, NY
       June 12, 2007

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

By_____
Danielle M. Carney, Esq. (DMC 7471)
3 Surrey Lane
Hempstead, NY 11550
(516) 483-2990

:2682dba.com